JOHN K. AMES *vs.* JOSEPH A. COFFIN.

Washington.    Opinion July 30, 1896.

*Tenants In Common.    Assumpsit.*

At the time the services sued for were performed, the parties to this suit, with numerous others, were owners, as tenants in common of a township of land in Washington County.  The plaintiff as the agent of the owners had the general control and management of the township.  For a long time there had been a custom acquiesced in by all, and an arrangement more or less definite, that any of the tenants in common who owned saw-mills should exclusively operate upon such portion of the territory as was most convenient for the hauling of timber therefrom to their respective mills; but each owner so operating accounted to the others for stumpage on all lumber hauled.  In the southeast corner of the township there is a tract known as the "Harris Reserve," the timber upon which can be most conveniently hauled and driven to mills owned for some years by the defendant; and in accordance with this custom and understanding the defendant had been allowed to exclusively operate upon this tract for soft wood timber.

Prior to the time that the services sued for were rendered, the owners had given a written license, running for a number of years to one Church, to enter upon the township, fell hemlock trees and peel and remove the bark therefrom, the peeled hemlock logs to remain the property of the land-owners.  In the spring of 1886, the defendant notified the plaintiff that he did not propose to haul any more logs from this tract where he had been accustomed to operate, and that he did not want Church to peel any hemlock upon the tract during that summer.  Church, however, did peel bark upon this tract in the summer of 1886, leaving the logs where they fell, and the plaintiff in consequence of his previous conversation with the defendant, supposing that he did not want the logs so left and that there was nobody to care for them, and for the purpose of saving them for the benefit of the owners, had these logs "yarded" and placed on skids, so that they could be hauled during the ensuing winter to a lake and from thence driven to the plaintiff's mill at Machias to be sawed.

After this expense had been incurred, the defendant gave a written permit to one Allen to enter upon this tract and to haul therefrom these peeled hemlock logs together with spruce and pine logs.  Allen entered under this permit and removed all of the hemlock logs.  The expense incurred upon these logs never having been paid, the plaintiff seeks in this action of assumpsit to recover the same of the defendant.  The defendant never expressly promised to pay.

*Held;* that the law will not imply from these circumstances a promise, upon the part of the defendant, to pay for the services thus rendered.

The fact that services were rendered to a person at his request need not be proved by direct evidence, it may be by circumstantial evidence; but it is the opinion of the court that the circumstances in this case clearly show that the services were not rendered for the defendant nor at his request. They were performed by the plaintiff as one of the owners and agent of the township for the benefit of all the owners, to save these logs which, as he thought, would otherwise have been left in the woods and become worthless.

ON REPORT.

The case appears in the opinion.

*C. B. Donworth*, for plaintiff.

The fact that the parties were tenants in common of the logs does not affect the plaintiff's rights here. This was a contract respecting labor bestowed upon the common property and "the law imposes no disability upon part owners of personal property to make such a contract with each other." *Chapman* v. *Eames*, 67 Maine, 452.

But, should plaintiff be without remedy at law, he should be permitted to invoke the equitable side of the court by virtue of the Law and Equity Act of 1893.

The defendant filed no brief.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. At the time the services sued for were performed, the parties to this suit, with numerous others, were owners, as tenants in common, of a township of land in Washington County. The plaintiff as the agent of the owners had the general control and management of the township.

For a long time there had been a custom acquiesced in by all, and an arrangement more or less definite, that any of the tenants in common who owned saw-mills should exclusively operate upon such portion of the territory as was most convenient for the hauling of timber therefrom to their respective mills; but each owner so operating accounted to the others for stumpage on all lumber hauled. In the southeast corner of the township there is a tract known as the "Harris Reserve," the timber upon which can be

most conveniently hauled and driven to mills on Pleasant River owned for some years by the defendant; and in accordance with this custom and understanding the defendant had been allowed to exclusively operate upon this tract, for soft wood timber.

Prior to the time that the services sued for were rendered, all of the owners had given a written license, running for a number of years, to one Church, to enter upon the township, fell hemlock trees and peel and remove the bark therefrom; the peeled hemlock logs to remain the property of the land owners.

In the spring of 1886, the defendant notified the plaintiff that he did not propose to haul any more logs from this tract, where he had been accustomed to operate, and that he did not want Church to peel any hemlock upon the tract during that summer. Church, however, did peel bark under his permit upon this tract in the summer of 1886, leaving the logs where they fell, and the plaintiff in consequence of his previous conversation with the defendant, supposing that he did not want the logs so left and that there was nobody to care for them, and for the purpose of saving them for the benefit of the owners, had these logs to the amount of 146,210 feet "yarded" and placed on skids, at an expense of one dollar twenty-five cents per thousand feet, so that they could be hauled during the ensuing winter to a lake and from thence driven to his mill at Machias to be sawed.

After this expense, amounting to $182.76 had been incurred, the defendant gave a written permit to one Allen to enter upon this tract known as the "Harris Reserve" and to haul therefrom these peeled hemlock logs, together with spruce and pine logs, into Pleasant River Lake, from whence they would be driven down Pleasant River. Stumpage for these logs was fixed at $1.50 per thousand feet. The logs were sold by Allen to the Columbia Falls Lumber Company, who had a portion of them sawed at a mill owned by the defendant but operated by one Turner under lease from the defendant.

After the plaintiff learned that the logs were being hauled by Allen he notified the defendant by letter, wherein he said: "All can be arranged satisfactory now by paying for the yarding.

Please let me hear from you." In his reply to this letter the defendant said: "Mr. Allen will be disposed to pay a fair price for skidding logs." Allen denies that he ever promised to pay for this labor, and he and other witnesses testify that the defendant told Allen that he would protect him and save him harmless from this claim.

This expense has never been paid, and in this action of assumpsit the plaintiff seeks to recover the same of the defendant. The defendant never expressly promised to pay for the labor expended upon these logs, and the question presented is whether the law will imply a promise from the circumstances. We think not. The work was not done for the defendant, nor at his request, either express or implied. It was done by the plaintiff as agent of the township for the benefit of the owners, to save these logs which would otherwise have been left in the woods and become worthless. When the service was performed the plaintiff expected to have the logs driven to his own mill, there to be sawed, and that the defendant would have nothing whatever to do with them, except that as one of the owners he would be entitled to his proportional part of the stumpage.

He was prevented from carrying out his purpose of having the logs sawed at his own mill by their being hauled by Allen under the permit from the defendant. It is unnecessary to inquire as to what right the defendant had, if any, to give this permit with express oral instructions, as testified by some of the plaintiff's witnesses, to take the logs upon which labor had been expended in preparing them to be hauled, because, if this was done entirely without authority, it would not render him liable to the plaintiff in this action. Nor can we decide in this case what the defendant's liability is, if any, to the landowners. The question simply is whether the defendant is legally liable to the plaintiff to pay the account sued.

The fact that services were rendered to a person at his request need not be proved by direct evidence, it may be by circumstantial evidence; but we think that the circumstances in this case not only fail to show such a request, but that they very clearly show

that the services were not rendered for the defendant, nor at his request.    They were performed by the plaintiff as one of the owners and the agent of the township, upon the property of all the owners for the benefit of all.    Consequently the law will not imply a promise to pay upon the part of the defendant.

The entry must therefore be,

*Judgment for defendant.*